UNITED STATES DISTRICT COURT
DISTRICT OF MAINE

DANIEL OUELLETTE,                    )
                                     )
              Plaintiff              )
                                     )
       v.                            )        1:14-cv-00450-GZS
                                     )
STATE OF MAINE, et als.,             )
                                     )
              Defendants             )


## RECOMMENDED DECISION

In this action, Plaintiff Daniel Ouellette, proceeding *pro se*, alleges unspecified violations of state law, the deprivation of human rights, and disability discrimination.

Plaintiff filed an application to proceed *in forma pauperis*, which application the Court granted. In accordance with 28 U.S.C. §§ 1915 and 1915A, a preliminary review of Plaintiff's complaint is appropriate. Following the review, I recommend that the Court dismiss Plaintiff's complaint, without requiring service of the complaint.

### STANDARD OF REVIEW

When a party is proceeding *in forma pauperis*, "the court shall dismiss the case at any time if the court determines," inter alia, that the action is "frivolous or malicious" or "fails to state a claim on which relief may be granted." 28 U.S.C. § 1915(e)(2)(B). "Dismissals [under 28 U.S.C. § 1915] are often made *sua sponte* prior to the issuance of process, so as to spare prospective defendants the inconvenience and expense of answering such complaints." *Neitzke v. Williams*, 490 U.S. 319, 324 (1989); *see also Mallard v. U.S. Dist. Ct. S.D. Iowa*, 490 U.S. 296, 307-308 (1989) ("Section 1915(d), for example, authorizes courts to dismiss a 'frivolous or malicious' action, but there is little doubt they would have power to do so even in the absence of this statutory provision.").

In addition to the review contemplated by § 1915, because Plaintiff currently is incarcerated and seeks redress from governmental entities and officers, Plaintiff's complaint is subject to screening under the Prison Litigation Reform Act. *See* 28 U.S.C. § 1915A(a), (c). The § 1915A screening requires a court to "identify cognizable claims or dismiss the complaint, or any portion of the complaint, if the complaint (1) is frivolous, malicious, or fails to state a claim …; or (2) seeks monetary relief from a defendant who is immune from such relief." 28 U.S.C. § 1915A(b).

When considering whether a complaint states a claim for which relief may be granted, courts must assume the truth of all well-plead facts and give the plaintiff the benefit of all reasonable inferences therefrom. *Ocasio-Hernandez v. Fortuno-Burset*, 640 F.3d 1, 12 (1st Cir. 2011). A complaint fails to state a claim upon which relief can be granted if it does not plead "enough facts to state a claim to relief that is plausible on its face." *Bell Atlantic Corp. v. Twombly,* 550 U.S. 544, 570 (2007). "The relevant question ... in assessing plausibility is not whether the complaint makes any particular factual allegations but, rather, whether 'the complaint warrant[s] dismissal because it failed *in toto* to render plaintiffs' entitlement to relief plausible.'" *Rodríguez–Reyes v. Molina–Rodríguez,* 711 F.3d 49, 55 (1st Cir. 2013) (quoting *Twombly,* 550 U.S. at 569 n. 14). Although a *pro se* plaintiff's complaint is subject to "less stringent standards than formal pleadings drafted by lawyers," *Haines v. Kerner*, 404 U.S. 519, 520 (1972), the complaint may not consist entirely of "conclusory allegations that merely parrot the relevant legal standard," *Young v. Wells Fargo, N.A.*, 717 F.3d 224, 231 (1st Cir. 2013). *See also Ferranti v. Moran*, 618 F.2d 888, 890 (1st Cir. 1980) (explaining that the liberal standard applied to the pleadings of *pro se* plaintiffs "is not to say that *pro se* plaintiffs are not required to plead basic facts sufficient to state a claim").

The facts set forth herein are derived from the factual allegations in Plaintiff's Complaint, which facts are deemed true when evaluating the Motion to Dismiss.[1] *Beddall v. State St. Bank & Trust Co.*, 137 F.3d 12, 16 (1st Cir. 1998).

In his Complaint, Plaintiff reveals that he was an inmate at the Maine Correctional Center when he commenced this action on October 31, 2014. Plaintiff names as Defendants the State of Maine, its Attorney General, the Department of Health and Human Services, the Department of Corrections, the Maine Supreme Judicial Court, the Board of Overseers of the Bar, the Maine State Police, the District Attorney for District 3, the Disability Rights Center, the Androscoggin County Superior Court, the Committee on Judicial Responsibility, and the Office of Program Evaluation and Government Accountability.

In his factual statement, Plaintiff asserts:

> State of Maine, Departments Boards Agencies Committees and Courts have willfully, knowingly, intentionally and maliciously violated or interfered with constitutional rights, Mauestical [sic], with loss of liberty & property and physical, mental and emotional injury.

(Compl. ¶ IV.) For relief, Plaintiff requests:

> Order compliance – enforcement of constitutional rights of due process, equal protection. Actors have violated Maine Statutes with impunity as state actor under color of law in violating and interfering with basic civil human rights of disabled member of protected class should pay for their crime with prosecution and compensation.

(*Id.* ¶ V.)

---

[1] The reference to the facts as alleged should not be construed as a determination that the alleged facts are accurate. The alleged facts are recited in the context of the standard of review for a motion to dismiss.

**DISCUSSION**

Plaintiff apparently maintains that several state actors[2] have participated deprived him of his constitutional rights. "Though … pro se complaints are to be read generously, allegations of conspiracy must nevertheless be supported by material facts, not merely conclusory statements." *Slotnick v. Garfinkle*, 632 F.2d 163, 165 (1st Cir. 1980) (citation omitted). Additionally, Federal Rule of Civil Procedure 12(b)(6) "demands more than an unadorned, the-defendant-unlawfully-harmed-me accusation." *Ashcroft v. Iqbal,* 556 U.S. 662, 678 (2009). "A pleading that offers labels and conclusions or a formulaic recitation of the elements of a cause of action will not do." *Id.*

Plaintiff has not alleged any facts that suggest a plausible claim against any particular defendant. In assessing whether a plaintiff has asserted a cause of action, a court must "isolate and ignore statements in the complaint that simply offer legal labels and conclusions or merely rehash cause-of-action elements." *Schatz v. Republican State Leadership Comm.*, 669 F.3d 50, 55 (1st Cir. 2012). In this case, Plaintiff's Complaint merely consists of bald legal assertions and conclusory labels. Plaintiff's Complaint, therefore, cannot reasonably be construed to assert a non-frivolous claim against any of the Defendants.

**CONCLUSION**

Based on the foregoing analysis, the recommendation is that pursuant to 28 U.S.C. §§ 1915(e)(2)(B) and 1915A(b), the Court dismiss Plaintiff's Complaint in its entirety.[3]

**NOTICE**

A party may file objections to those specified portions of a magistrate judge's report or proposed findings or recommended decisions entered pursuant to

---

[2] The Disability Rights Center is the only non-state-actor named in the Complaint.

[3] Even if the Court considered all of Plaintiff's current complaints together as one omnibus pleading, Plaintiff would still fail to state a claim for which relief may be granted.

28 U.S.C. § 636(b)(1)(B) for which *de novo* review by the district court is sought, together with a supporting memorandum, within fourteen (14) days of being served with a copy thereof. A responsive memorandum shall be filed within fourteen (14) days after the filing of the objection.

Failure to file a timely objection shall constitute a waiver of the right to *de novo* review by the district court and to appeal the district court's order.

/s/ John C. Nivison
U.S. Magistrate Judge

Dated this 6th day of January, 2015.